IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANDREA RHYNE                                                                    PLAINTIFF

V.                                                                    CAUSE NO 1:06CV116

TENNESSEE FARMERS MUTUAL
INSURANCE COMPANY, et al                                              DEFENDANT

### MEMORANDUM OPINION

This cause comes before the court on the motions [30, 31] of Tennessee Farmers Mutual Insurance Company for dismissal of this cause of action based on lack of personal jurisdiction, or in the alternative, for a grant of summary judgment. The plaintiff has responded in opposition. After a hearing on the motions held on July 12, 2007, the court is prepared to rule.

Tennessee Farmers Mutual Insurance Company is a Tennessee corporation licensed to do business in the state of Tennessee, with its principal place of business in Tennessee. The plaintiff, Andrea Rhyne, is a Tennessee resident attending nursing school at the University of Mississippi Medical Center in Jackson, MS. She was an insured member under her father's automobile policy at the time of the accident that is the subject of this lawsuit.

On November 23, 2002, Andrea Rhyne was in a car accident with John L. Smith in Winston County, MS. John Smith was intoxicated at the time of the accident and had no liability insurance or assets. Ms. Rhyne initiated this lawsuit on November 22, 2005 in Winston County Circuit Court against her uninsured motorist carrier, Tennessee Farmers Mutual Insurance Company. The case was removed to federal court on April 14, 2006. John Smith is not named

1

in this lawsuit and has not been sued.

TFMIC has moved to dismiss for lack of personal jurisdiction. This court sits in diversity and a federal court sitting in diversity must satisfy two requirements to exercise personal jurisdiction over a nonresident defendant. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270. First, the forum state's long-arm statute must confer personal jurisdiction. *Id*. Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment. *Id*.

Mississippi's long-arm statute is codified at Miss. Code Ann. § 13-3-57. It establishes jurisdiction over nonresidents who " . . . make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state. . ." The Due Process Clause limits the power of the states to assert personal jurisdiction over a nonresident defendant and requires an inquiry into whether the defendant has purposefully established minimum contacts with the forum state. *Seiferth* at 271.

Jurisdiction can be general or specific. When a defendant establishes continuous and systematic contacts with the forum state, the state may exercise general jurisdiction over any action against the defendant. *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984)). There is no assertion that TMFIC has continuous and systematic contacts which would subject it to general jurisdiction in Mississippi. A court can exercise specific jurisdiction in a suit that arises out of or that is related to the defendant's contacts with the forum. *Id*. Fifth Circuit analysis for a specific jurisdiction

2

inquiry requires a determination of: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Id.* The plaintiff must establish the first two prongs of analysis; the defendant then bears the burden to demonstrate that jurisdiction in the forum state would be unfair or unreasonable. *Id*.

It is undisputed that TMFIC is a Tennessee corporation that does not do business in the state of Mississippi. At oral argument, the plaintiff contended that jurisdiction in Mississippi is proper because a tort, the accident, happened in Mississippi. While this cause of action does involve a tort, the tort was committed by John Smith. This court recognizes and the defendant concedes that if John Smith had been sued then jurisdiction would be proper in this court and TMFIC would be called upon to litigate in this jurisdiction. However, there is no allegation that TMFIC committed a tort in the state of Mississippi. Finally, under the Mississippi long arm statute, any party who makes a contract with a resident of this state that is to be completed in whole are in part in Mississippi is subject to personal jurisdiction. Once again, it is undisputed that TMFIC entered into a contract for insurance coverage with Charles Robeson, a Tennessee resident, not a Mississippi resident.

The plaintiff also argues that a provision in the policy stating that coverage exists for all losses that occur in the United States subjects TMFIC to personal jurisdiction in Mississippi and that Mississippi law does not require suit against a tortfeasor to maintain an action against an insurance provider. Again, Rhyne's failure to institute litigation against Mississippi resident

3

John Smith foils her argument for grant of jurisdiction. Assuredly, that clause would require TMFIC to act in the event a claim arises in a foreign state. Nonetheless, the instant suit alleges a claim for breach of contract related to the uninsured motorists coverage of the insurance policy. No part of this claim requires any action related to the state of Mississippi.

Further, the plaintiff's argument about Mississippi law is inapplicable in this case. During oral argument, the plaintiff asserted that Mississippi law would allow maintenance of suit in support of her personal jurisdiction and summary judgment arguments. While this proposition is more salient in the context of summary judgment, the court finds this argument unconvincing because even if Mississippi were to retain jurisdiction over this matter, Mississippi would be required to apply Tennessee law. The insurance policy at issue contains a choice of law clause designating Tennessee law to govern the validity, construction, interpretation, and effect of the policy. Mississippi choice of law rules recognize that parties may legitimately control the choice of substantive law in a contract dispute as long as the state whose law is selected bears a reasonable relation to the transaction. *Herring Gas Co., Inc. v. Magee*, 813 F. Supp. 1239, 1243 (S.D. Miss. 1993). It is clearly reasonable for Tennessee law to apply to a contract involving only Tennessee residents. Accordingly, the plaintiff has failed to establish jurisdiction under the Mississippi long arm statute, which means that TMFIC is not subject to personal jurisdiction in the state of Mississippi.

Assuming arguendo, that the plaintiff had been able to establish jurisdiction under the long-arm statute, personal jurisdiction would still offend the Due Process Clause. TMFIC has directed no activities toward the state of Mississippi. It only sells policies to Tennessee residents, it only does business in the state of Tennessee, and directs its advertising to Tennessee residents

4

only. Next, this cause of action does not arise out of TMFIC's forum related contacts. While all parties acknowledge that Rhyne has filed suit because of an accident that occurred in Winston County, Mississippi, the claim for breach arises from a contract entered into solely in Tennessee. Finally, the exercise of personal jurisdiction would not be fair or reasonable in this instance. No Mississippi residents are parties to this litigation. Mississippi law is inapplicable in this litigation. Mississippi has no overriding interest in providing a forum for this litigation. As there is only a minute relationship to the state of Mississippi in this cause of action, the court finds that the defendant's motion [30] to dismiss for lack of personal jurisdiction is GRANTED. The defendant's motion [31] for summary judgment is now rendered MOOT.

This case is closed.

This the 16th day of July, 2007.

    **/s/ Michael P. Mills**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**